# KLARIS

December 12, 2025

<u>Via ECF</u>

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *In re OpenAI, Inc. Copyright Infringement Litigation*, 25-md-03143
             <u>This Document Relates To: Case No. 1:25-cv-04315</u>

Dear Judge Stein:

      We write in connection with the pending motion (Dkt. 134) brought by OpenAI to stay certain claims and models raised by Ziff Davis in this action, as discussed at the conferences on October 8, 2025 and November 13, 2025. We write to advise the Court of recent developments that may impact that pending motion and, in particular, the case schedule as it relates to the *Ziff Davis* case. As discussed below, we are concerned that the pending motion has become a significant obstacle to discovery even as to claims and models that are ***not*** subject of the pending stay motion. We have also come to the conclusion that it is necessary to place fact and expert discovery in the *Ziff Davis* case on a separate track from the remaining cases, as discussed during the November 13, 2025 Conference.

      ***First***, contemporaneously with this letter, Ziff Davis has filed objections to a recent discovery ruling by Magistrate Judge Wang on a motion to compel filed by Ziff Davis. (Dkt. 962). Magistrate Judge Wang believed that the issues raised in Ziff Davis's motion to compel are related to the issues in OpenAI's pending motion to stay. Given that the arguments have become intertwined, and while Ziff Davis believes that the motion to compel should have been decided independently of the motion to stay, we wanted to call attention to those objections as Your Honor considers the pending "stay" motion.

      At a high level, OpenAI is relying on its pending stay motion as a basis for refusing discovery into claims that are ***not*** the subject of its pending motion. Namely, in seeking a stay as to "new models," OpenAI relies on the June 30, 2025 Homer Declaration, filed with its Reply Brief, where OpenAI insists that litigating the additional models "would implicate additional custodians, collections, and search terms" and require "an additional four to six months of discovery to collect and make available for inspection." Dkt. 283 ¶¶ 10, 14. Doubling down on this point, OpenAI's counsel told Your Honor at the November 13, 2025 conference that denying the "stay" would "expand[] the scope of custodians. Different people work on the later models than worked on the

# KLARIS

earlier models." 11/13/2025 Hr'g Tr. at 43:5-7. OpenAI has refused to identify those custodians in the six months that have passed since filing its stay motion.

In the meantime—as detailed in Ziff Davis's accompanying objections—OpenAI is using the pending stay motion as a basis for resisting significant discovery related to models and claims that are ***not*** subject to the stay motion. Specifically, despite seeking and receiving Ziff Davis' ESI collection of documents up through August 2015, OpenAI has only conducted an ESI collection from its custodians up through July 2024—which was nearly a year before Ziff Davis's complaint. OpenAI does not dispute that these existing ESI custodians have documents relating to claims and models that are subject to the pending stay motion, but OpenAI refuses to produce those documents because they say, *inter alia*, Ziff Davis already has received "sufficient" documents and it would be burdensome for OpenAI to produce more. While some of the relevant discovery may overlap as to both sets of claims, that is not a basis for a wholesale rejection of discovery during a period of time clearly relevant to Ziff Davis's claims that are moving forward notwithstanding any potential stay.

Magistrate Judge Wang's interim order has significant implications for the case schedule and pending stay motion. Magistrate Judge Wang ordered the parties to "meet and confer on limited post-July 2024 categories for discovery," but only Ziff Davis conducted an ESI collection (with search terms) for its ESI custodians up through August 2025. OpenAI not only requested but has ***relied*** on those post-July 2024 documents—including as a basis for seeking ***additional*** custodians. Yet, OpenAI refuses to conduct an ESI custodial collection beyond July 2024. In short, the stay motion is obstructing discovery relating to claims that are not subject to the pending stay motion. And more delay means that any collection of such documents could not even occur until fact discovery is in its final weeks.

***Second***, further events confirm that the *Ziff Davis* case should be tracked on a separate case schedule, as discussed at the November 13, 2025 conference with Your Honor, as contemplated by the MDL Panel's transfer order. *See* Transfer Order, Dkt. 1 at 3 ("It is not uncommon for transferee courts to establish separate tracks for actions involving different claims that allow the actions to progress efficiency"). Ziff Davis has argued that a "stay" is not an appropriate remedy here; instead, the current MDL fact discovery deadline of February 27, 2026 need not apply to Ziff Davis's claims, including as to any new claims or later GPT models that are the subject of Ziff Davis's claims.

Recent developments have confirmed that the *Ziff Davis* case can and should be tracked separately without impacting the rest of the MDL schedule. Recently, OpenAI disclosed that it intends to seek depositions of twenty-two (22) Ziff Davis fact witnesses, the vast majority of which would occur in January and February. (To date, OpenAI has not deposed any of Ziff Davis's witnesses.) OpenAI seeks these individual deponents ***in addition*** to what will be multiple Ziff Davis corporate designees in response to OpenAI's Rule 30(b)(6) deposition notice—which includes 73 topics in the draft Notice served by OpenAI on November 21, 2025. OpenAI's request for over two dozen

# KLARIS

depositions to occur over essentially a two-month timeframe on its face is a near impossibility, especially given the intervening holidays and other outstanding tasks.

In addition, Ziff Davis and OpenAI are still negotiating ESI custodians, search terms and date ranges. Indeed, in denying Ziff Davis's recent discovery motion (discussed above) "without prejudice," Magistrate Judge Wang directed the parties to "meet and confer on limited post-July 2024 categories for discovery." Dkt. 910 ¶ 6. As an excuse for its failure to complete this process, OpenAI has repeatedly pointed to its pending motion to stay (*see, e.g.*, Dkt. 821 at 3) while also seeking additional Ziff Davis custodians.

In our view, these issues are largely created by OpenAI itself. Ziff Davis began pressing for production of OpenAI's documents in mid-May, has completed its own custodial document production covering documents (other than additional searches requested by OpenAI), and has been actively participating in depositions of OpenAI witnesses. By contrast, OpenAI has produced less than 100 documents (beyond those cross-designated from its production to the other Plaintiffs) that are specific to Ziff Davis claims, has resisted production of any documents after July 2024, has refused to add custodians or update its search terms, and has generally taken the position that it need provide little if any additional discovery to Ziff Davis not previously provided to other plaintiffs.

Conclusion:

The upshot here is that the February 27, 2026 fact discovery cutoff no longer seems viable as it relates to the *Ziff Davis*, and those claims can and should be separately tracked without affecting the remainder of the MDL case schedule. At this point, there is a strong likelihood that any summary judgment motion (including as to a "fair use" defense) will be met with a Rule 56(d) Declaration from Ziff Davis because OpenAI has withheld critical discovery on the basis of its pending stay motion—including with respect to claims that are ***not*** subject to OpenAI's stay motion.

Given the passage of time, Ziff Davis suggests that the Court deny OpenAI's pending stay motion and direct Ziff Davis and OpenAI to confer regarding a proposed adjustment to the case schedule as it relates only to the Ziff Davis claims.

Respectfully submitted,

   /*s*/ Lacy H. Koonce, III
Lacy H. ("Lance") Koonce, III
KLARIS LAW PLLC
161 Water Street
New York, NY 10038
Telephone: (646) 779-4882
lance.koonce@klarislaw.com

# KLARIS

Guy Ruttenberg
Ruttenberg IP Law, A Professional Corporation
1801 Century Park East
Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
ZD-AICopyright@ruttenbergiplaw.com

*Attorneys for Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., Everyday Health Media, LLC, Mashable, Inc., and CNET Media, Inc.*