KEKER
VAN NEST
& PETERS          LATHAM&WATKINS LLP          ⅢORRISON FOERSTER

December 16, 2025

*VIA ECF*

Hon. Sidney H. Stein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: *All Counsel of Record (via ECF)*

> Re: ***OpenAI's Opposition to Ziff Davis's Request for an Extension to the Case Schedule [MDL ECF No. 963]***; *In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW.

Dear Judge Stein:

Ziff Davis filed its tag-along complaint more than a year after the other News plaintiffs and after the Judicial Panel on Multidistrict Litigation ordered this MDL proceeding. In connection with the initial MDL Case Management Conference, Ziff Davis represented to this Court that, despite being a tag-along case and behind the other plaintiffs in discovery, it could meet the demanding discovery deadlines in this MDL and the action should not be stayed. *See* ECF No. 47, at 69 ("Ziff Davis generally supports the schedule proposed by Plaintiffs, including the fact discovery cutoff and subsequent deadlines."). Later, in opposition to OpenAI's motion for a partial stay, it took the same position—pledging that it could keep up and objecting to any suggestion that its complaint should be stayed or on a different track than the existing cases. *See* ECF No. 252, at 14. Ziff Davis has now changed its tune. It now says the discovery schedule is not viable for Ziff Davis, and it seeks a separate discovery track for itself alone. Even if Ziff Davis is correct, the extension Ziff Davis has requested is not the solution. A lone case on a separate discovery track in this MDL is untenable, and will create numerous problems with respect to expert discovery and summary judgment, without solving any. Later this week, OpenAI will therefore move to stay the *Ziff Davis* case, as the Court has done with other tag-along cases. *See* ECF Nos. 537, 538; *see also* ECF Nos. 951, 952.

As OpenAI's forthcoming motion will explain in more detail, Ziff Davis's justifications for a modification are contradicted by the record. Between May 31 and July 11, 2025, OpenAI promptly cross-produced over 111,000 documents totaling over 1.1 million pages to Ziff Davis and included Ziff Davis on all News-related discovery and depositions (over 33 depositions). In contrast, Ziff Davis did not produce a single document until October 24, 2025 (more than five months after the complaint was filed), has not offered deposition dates for twenty of twenty-two witnesses, and has not substantively responded to OpenAI's Rule 30(b)(6) deposition notice or offered dates for its Rule 30(b)(6) witnesses. OpenAI will respond to Ziff Davis's

Page 2

mischaracterization of the record more fully in its forthcoming opposition to Ziff Davis's Rule 72 appeal as well as its motion to stay, but suffice it to say OpenAI has not been the cause of any delay. The Court should reject Ziff Davis's attempt to shift responsibility for its own lack of diligence, and deny Ziff Davis's request for an extension of the schedule.

More importantly, a modification to the MDL discovery schedule as to **only** Ziff Davis is untenable. In its letter to the Court, Ziff Davis suggests placing "fact and expert discovery in the *Ziff Davis* case on a separate track," (ECF No. 963, at 1), while attempting to keep the same summary judgment schedule. Ziff Davis does not explain how to reconcile a separate track with the carefully crafted deadlines already in place.[1] In subsequent meet and confer discussions, Ziff Davis proposed extending the fact discovery deadline for Ziff Davis by three months and similarly placing Ziff Davis-related expert discovery on a singular, delayed timeline. But this proposal makes no sense. Placing Ziff Davis on a separate track will significantly inconvenience the Court and disrupt its schedule, and prejudice OpenAI alone by requiring it to double-track its fact discovery and expert discovery efforts. This would have a cascading and disruptive effect on summary judgment as the summary judgment briefing schedule is keyed off of the end of fact discovery and subsequent expert discovery. As the Court recognized yesterday in granting OpenAI's prior partial motion to stay, a delay in the case schedule "would be contrary to the interests of the Court, non-parties, and the public in a speedy resolution of the core copyright issues in this MDL." *See* ECF No. 968, at 15. As such, given Ziff Davis's failures to meet its discovery obligations and its own representations to the Court, the only reasonable—and indeed practical—solution is to deny Ziff Davis's request for an extension and stay the *Ziff Davis* case. OpenAI will file a formal motion requesting such relief later this week.

Respectfully,

KEKER, VAN NEST & PETERS LLP[2]

*/s/ Andrew S. Bruns*
Andrew S. Bruns

LATHAM & WATKINS LLP

*/s/ Elana Nightingale Dawson*
Elana Nightingale Dawson

MORRISON & FOERSTER LLP

*/s/ Rose S. Lee*
Rose S. Lee

---

[1] Ironically, Ziff Davis requests the same relief that it previously opposed. It previously told the Court that "[a] partial stay would therefore not only fragment the discovery process and delay the resolution of critical disputes, but would also effectively ask the Court to devise a bespoke litigation approach for Ziff Davis alone, on claims that largely dovetail with the claims brought by other Plaintiffs in the MDL." ECF No. 252, at 12.

[2] All parties whose electronic signatures are included herein have consented to the filing of this document.