UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

OPENAI, INC. COPYRIGHT
INFRINGEMENT LITIGATION

This Document Relates To:

   *Ziff Davis et al. v. OpenAI et al.*, 25-cv-4315

25-md-3143 (SHS) (OTW)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Ziff Davis[1] has moved for leave to file a proposed second amended complaint ("PSAC"), which includes additional allegations about OpenAI's[2] purported understanding of robots.txt files, industry practice with respect to such files, and changes OpenAI made to its web-scraping tool, "GPTBot," regarding robots.txt files. (*See* Dkt. Nos. 758; 761-2 (PSAC).)[3] The goal of the proposed amendment is to establish that robots.txt files are a "technological measure that effectively controls access" to Ziff Davis's copyrighted works and that OpenAI "circumvented" that technological measure in violation of section 1201(a) the Digital Millenium Copyright Act ("DMCA"). Ziff Davis's motion is denied because the proposed amendment would be futile.

## I. BACKGROUND AND LEGAL STANDARD

The Court assumes familiarity with the procedural background and basic allegations in this action, which are set forth in the Court's Opinion & Order on OpenAI's motion to dismiss certain claims in Ziff Davis's first amended complaint. *In re OpenAI, Inc. Copyright Infringement Litig.*, No. 25-md-3143, 2025 WL 3635559 (S.D.N.Y. Dec. 15, 2025). Significantly for the present motion, the Court determined in that decision that Ziff Davis's first amended complaint failed to state a claim that OpenAI

---

[1] Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., Everyday Health Media, LLC, Mashable, Inc., and CNET Media, Inc. are referred to collectively as "Ziff Davis."

[2] Defendants OpenAI, Inc., OpenAI GP LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund GP I LLC, and OpenAI Startup Fund Management LLC are referred to collectively as "OpenAI."

[3] A redacted version of the PSAC is available at Dkt. No. 760-2.

circumvented a technological measure that effectively controls access to Ziff Davis's copyrighted works in violation of section 1201(a) of the DMCA. *See id.* at *4–5; 17 U.S.C. § 1201(a)(1)(A).

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (citation omitted). "Leave to amend may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* (internal quotation marks and citation omitted); *see Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) ("[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile."). "Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (internal quotation marks and citation omitted).

## II. ANALYSIS

Section 1201(a) of the DMCA provides that "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under [the Copyright Act]." 17 U.S.C. § 1201(a)(1)(A). To state a DMCA section 1201(a) claim, therefore, the PSAC must allege both that the robots.txt files are a "technological measure that effectively controls access to" a copyrighted work and that OpenAI "circumvented" such a technological measure.

"[A] technological measure 'effectively controls access to a work' if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work." 17 U.S.C. § 1201(a)(3)(B). "[T]o 'circumvent a technological measure' means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." *Id.* § 1201(a)(3)(A).

The PSAC's allegations, taken as true, establish that robots.txt files are not a "technological measure that effectively controls access to" Ziff Davis's copyrighted

works. The PSAC thus fails to state a claim pursuant to section 1201(a) of the DMCA, and Ziff Davis's proposed amendment would be futile.[4]

The PSAC alleges that, "[t]o protect content from scraping and other bot activity, websites use robots.txt directives, which are machine-readable instructions in source text files hosted on the website's server that follow the Robots Exclusion Protocol ('REP') syntax, and which tell web crawlers which areas of the site the bot is allowed or disallowed from accessing and indexing." (PSAC ¶ 120.) "REP is a universal technical standard used by website owners to direct and govern the activity of web crawlers accessing their sites." (*Id.* ¶ 121.) "Reputable companies that operate crawlers . . . configure their bots to automatically access and read the robots.txt code at the website's root domain before initiating any crawling or scraping activity and, in turn, automatically process and effectuate the REP." (*Id.* ¶ 122.) "[A]utomated bots will comply with those mandates unless they have been affirmatively configured to ignore or bypass the REP." (*Id.*) "In its default configuration, an REP-compliant bot is programmed such that it cannot scrape websites that disallow crawling" through the use of robots.txt files. (*Id.* ¶ 124.) "OpenAI publicly promoted and privately encouraged website owners to use robots.txt instructions to prevent unauthorized crawling by its GPTBot" (*id.* ¶ 134) but, after OpenAI employees found that GPTBot's compliance with robots.txt directives hindered their work (*id.* ¶¶ 125, 129–31), OpenAI "affirmatively reconfigured its bot to bypass robots.txt code on websites" and resumed scraping Ziff Davis's websites despite those sites' robots.txt files (*id.* ¶ 144).

On the PSAC's telling, robots.txt files prevent a bot from accessing Ziff Davis's works only if the creator of the bot affirmatively elects to configure the bot to read and comply with robots.txt files before the bot scrapes the website. If the bot creator does not take this affirmative step of choosing to heed the requests embodied in Ziff Davis's robots.txt files, the robots.txt files have no effect on the bot's ability to access Ziff Davis's works. The allegation that all "reputable" bot operators configure their bots to comply with robots.txt files by default (*id.* ¶ 122) does not change the precatory nature of the requests embodied in robots.txt files. According to the PSAC, robots.txt files do not, "in the ordinary course of [their] operation, require[] the application of information, or a process or a treatment, with the authority of [Ziff Davis], to gain access to [Ziff Davis'] work[s]." 17 U.S.C. § 1201(a)(3)(B). To the contrary, robots.txt files require an affirmative action by the creator of a bot for the files to impede access to Ziff Davis's

---

[4] Because the Court concludes that the PSAC's allegations establish that robots.txt files are not a "technological measure that effectively controls access to" Ziff Davis's copyrighted works, the Court need not consider whether the PSAC's allegations establish that OpenAI "circumvented" such a technological measure.

works. The PSAC therefore establishes that robots.txt files are not a "technological measure that effectively controls access to" Ziff Davis's works within the meaning of the DMCA.

## III. CONCLUSION

The allegations of Ziff Davis's proposed second amended complaint—as with those of the first amended complaint—establish that robots.txt files are not a "technological measure that effectively controls access to" Ziff Davis's copyrighted works. Accordingly, Ziff Davis's motion for leave to file a second amended complaint is denied because the proposed amendment would be futile.

Dated: New York, New York
       December 18, 2025

SO ORDERED:

Sidney H. Stein, U.S.D.J.