UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br>COPYRIGHT INFRINGEMENT<br>LITIGATION<br><br>This Document Relates To:<br><br>THE NEW YORK TIMES COMPANY v.<br>MICROSOFT CORPORATION, et al.,<br>Civil Action No. 1:23-cv-11195-SHS-OTW | Civil Action No. 1:25-md-3143-SHS-OTW |

**DEFENDANT MICROSOFT CORPORATION'S MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE CERTAIN
OF MICROSOFT CORPORATION'S AFFIRMATIVE DEFENSES**

Plaintiff The New York Times Company's ("The Times") Motion to Strike Microsoft Corporation's ("Microsoft") Fourteenth Affirmative Defense asserted in Answer to The Times's Second Amended Complaint ("Motion") (ECF 295)[1] should be denied. The Times's Motion is an ill-conceived effort to accelerate the agreed-upon timeline for Microsoft (and all parties) to respond to contention interrogatories in this case. Magistrate Judge Wang denied The Times's motion to compel earlier responses to contention interrogatories regarding agreements Microsoft intends to rely on in support of its express license defense. Judge Wang suggested that The Times could instead serve requests for production to seek this information. In accordance with the Court's ruling and as part of its regular discovery obligations, Microsoft is already collecting and

---

[1] All ECF references are to the docket in *In re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143-SHS-OTW.

producing such agreements, including agreements it may rely on as part of an express license defense. *See* ECF 270 at 4. Microsoft has given The Times fair notice of its express license defense, and the defense is properly pled.

Dissatisfied with the Court's ruling, The Times has now taken the extraordinary measure of arguing that Microsoft's compliance with the Local Rules, the Joint Case Schedule, and Judge Wang's Order requires that Microsoft's sufficiently pled express license affirmative defense now must be stricken.[2] Nothing in the record or the case law suggests that such relief is warranted. The Motion should be denied.

**BACKGROUND**

The Times's Motion is an improper attempt to relitigate discovery issues this Court has already addressed. In advance of the last discovery conference, The Times moved to compel Microsoft to provide responses within two weeks to two contention interrogatories requesting Microsoft to "identify all contractual agreements with any News Plaintiff that You intend to rely on in the News Cases" and to "identify all contractual agreements that You believe are relevant to any claim or defense in the News Cases." ECF 148 at 1. The Times stated that these responses were necessary because Microsoft's operative answer at the time did not include an express license defense. *Id.* at 2. In response, Microsoft reiterated that, while it had agreed to produce "all documents relating to any contract, license agreement, or terms that You intend to rely on or which

---

[2] While The Times's Motion states that it seeks to strike the entirety of Microsoft's Fourteenth Affirmative Defense (ECF 295), the memorandum in support only addresses Microsoft's express license defense and does not argue that the implied license defense, which is also included in the Fourteenth Affirmative Defense, should be stricken. *See, e.g.*, ECF 296 at 3 ("As such, there is no disputed and substantial question[] of [fact or] law with respect to Microsoft's express license defense, and it should be struck from the pleading as an insufficient defense.") (citation and internal quotation marks omitted). To the extent The Times argues in reply that the implied license defense should also be stricken, Microsoft reserves the right to address that issue in either further briefing or at argument.

2

You otherwise believe is relevant to the claims and defenses in this case," Microsoft was not obligated to respond to the contention interrogatories until the parties' agreed-upon January 9, 2026 deadline. ECF 168 at 2 (referencing The Times's RFP 73); *see also* ECF 238 (Joint Case Schedule). The day after The Times filed its motion to compel, Microsoft timely filed its Answer to The Times's Second Amended Complaint, which pled an express license defense. *See* ECF 160; *see also* ECF 238 at 2.

At the June 25, 2025 discovery hearing, The Times argued that Microsoft's Amended Answer now justified its request that the Court require Microsoft to respond to contention interrogatories prior to the agreed-upon deadline for doing so. *See* ECF 297-1 at 139:2–4. Microsoft again confirmed that it would supplement its response to the contention interrogatories as appropriate in advance of the applicable deadline. *See id.* at 139:25-140:5. Further, Microsoft, at the suggestion of Judge Wang, confirmed that it would respond to a document request supporting the express license defense raised in the Amended Answer. *Id.* at 140:6-13. Judge Wang then confirmed that Microsoft's interpretation of the interrogatories was correct and stated she would not "disturb[] your contention interrogatory deadline." *Id.* at 140:18-19. Consistent with her oral ruling, Judge Wang issued an Order the next day denying the Times's motion as premature and directing The Times to serve relevant document requests. ECF 270 at 4.

Following the hearing, The Times and Microsoft conferred and agreed that a previously served document request captured the requested documents related to the express license defense and Microsoft had already agreed to produce documents responsive to that request. *See* ECF 297-2. Nevertheless, The Times further requested that Microsoft produce all such documents and identify the documents it produces in response within two weeks. *See id.* at 3. Microsoft again confirmed that it was already in the process of reviewing and collecting documents responsive to

3

The Times' request for agreements on which Microsoft intends to rely in this case, but that production and identification of such documents within two weeks was neither reasonable nor in accordance with Judge Wang's Order.[3]  *See id.* at 2.  The Times then filed this Motion arguing that Microsoft's failure to ***immediately produce and identify*** all documents relating to its express license defense justifies striking the defense in its entirety.

## LEGAL STANDARD

To succeed on a motion to strike an affirmative defense, a party must show that: "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-cv-5075-LJL, 2020 WL 3472597, at *5 (S.D.N.Y. June 25, 2020) (quoting G*EOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019)).  "A motion to strike an affirmative defense, pursuant to Fed. R. Civ. P. 12(f), is also governed by the same standard applicable to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *FSP, Inc. v. Societe Generale*, No. 02-cv-4786-GBD, 2005 WL 475986, at *8 (S.D.N.Y. Feb. 28, 2005) (citations omitted).  Thus, "[a]n affirmative defense should not be struck unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Id.* (citations and internal quotation marks omitted).  In other words, an affirmative defense cannot be struck "if it presents disputed and substantial questions of law, the resolution of which might support the defendant's contention." *Id.* (citations omitted). Finally, a motion to strike an affirmative defense should be denied if there is a possibility that a meritorious defense exists that will be determined through discovery. *See Bennett v. Spoor Behrins Campbell & Young*, 124 F.R.D. 562, 563-64 (S.D.N.Y. 1989).

---

[3] In addition, Microsoft will identify these documents in response to The Times' interrogatories, and will supplement that response as necessary as discovery proceeds.

## ARGUMENT

Microsoft sufficiently pled an express license defense in its Amended Answer, and Microsoft was not obligated to identify any particular licenses in its pleading. As other courts have found, "[a]t the pleading stage, federal courts generally do not require defendants . . . to plead who received any license, what type of license it was, and if not the executed type, what circumstances led to the license" in order to sustain an express license affirmative defense. *Unicorn Glob., Inc. v. DGL Grp., Ltd.*, No. 21-cv-1443-MKB-SJB, 2022 WL 3132863, at *3 (E.D.N.Y. Aug. 4, 2022) (citations and internal quotation marks omitted); *see also Midwest Athletics & Sports All. LLC v. Xerox Corp.*, No. 6:19-CV-06036 EAW, 2020 WL 4583744, at *6 (W.D.N.Y. Aug. 10, 2020) (citation omitted) (refusing to strike express license defense).

"Instead, the relevant question is whether the plaintiff has 'fair notice' of the substance of the defense." *Midwest Athletics & Sports*, 2020 WL 4583744, at *6 (citations omitted); *see also Philpot v. Baltimore Post-Exam'r*, No. 3:20-CV-00872-H-MSB, 2020 WL 6449199, at *2–3 (S.D. Cal. Nov. 3, 2020) (citations omitted); *Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*, No. 16-CV-11458-DJC, 2017 WL 3795769, at *8 (D. Mass. Aug. 30, 2017); *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2014 WL 2730724, at *5 (N.D. Cal. June 16, 2014). Indeed, that is the purpose of discovery, which will provide The Times with sufficient information to litigate Microsoft's express license defense. *See, e.g.*, *Unicorn Glob., Inc.*, 2022 WL 3132863, at *3. Microsoft is already in the process of reviewing and producing documents it intends to rely on to support its express license defense, and consistent with the timelines agreed to by the parties, Microsoft will respond to the contention interrogatories identifying agreements it intends to rely on in this case by January 9, 2026. *See* ECF 238 (Joint Case Schedule).

The Times has fair notice of Microsoft's defense, including from the information already in its possession related to the express license defense. *First*, Microsoft has multiple agreements with The Times that contain content license terms, including agreements that The Times itself has produced in this case. But it is premature to require Microsoft to determine which of the various, specific agreements between Microsoft and the Times that Microsoft intends to ultimately "rely on" for its express license defense. Microsoft is continuing to collect, review, and produce its agreements with The Times, as well as any related documents, and requiring Microsoft to identify each document Microsoft considers "relevant" or plans to "rely on" at this stage effectively requires Microsoft to respond to contention interrogatories prematurely. The Times should not be allowed to use this inappropriate motion to strike to circumvent the agreed-upon discovery timeline or the Court's prior rulings. *See, e.g.*, *Antolini v. McCloskey*, No. 1:19-cv-9038-GBD-SDA, 2020 WL 5089443, at *2 (S.D.N.Y. Aug. 28, 2020) (establishing that contention interrogatories "are not permitted until the conclusion of other discovery") (citing Local Civil Rule 33.3(c)).

*Second*, Microsoft also has the right to rely on the express license defense that has already been alleged by OpenAI. *See* ECF 164 at 33. Because The Times alleges claims against Microsoft based upon the alleged direct infringement by OpenAI, any express license defense available to OpenAI is also available to Microsoft, under all theories of liability alleged by The Times based on OpenAI's conduct. Although any such agreements between OpenAI and The Times are not in Microsoft's possession in the first instance, Microsoft is nevertheless entitled to rely on any express license between OpenAI and The Times given that The Times is seeking to impose liability on Microsoft based on alleged direct infringement by OpenAI. Given that any such agreement is not in Microsoft's possession, custody, or control, it is impossible for Microsoft to be able to identify that information now, as opposed to later on in the discovery period once productions are

6

substantially complete (and in accordance with the agreed-upon time for contention interrogatory responses).

The cases cited by The Times are distinguishable and do not warrant striking Microsoft's express license defense. *ABKCO Music, Inc. v. Sagan* addresses the sufficiency of an express license defense in the context of summary judgment, not a motion to strike. No. 115-cv-4025-ER, 2018 WL 1746564, at *1 (S.D.N.Y. Apr. 9, 2018). Given the difference in standards between summary judgment and a motion to strike, it is unclear how this case has any relevance to the issue at hand. Similarly, *Town & Country Linen* likewise does not apply here given that in that case the defendants had failed to provide any indication during discovery that they were pursuing an express license defense (including through responses to contention interrogatories) and only asserted an express license defense for the first time ***after discovery had closed***. 2020 WL 3472597, at *4. Even then, the court still denied the motion to strike finding that the additional information that defendants had provided and the fact that the plaintiff had an opportunity to depose the relevant witnesses on the defense were enough to support the affirmative defense. *Id.* at *12. The same is true here. There is no question that The Times has and will continue to have the full ability to take discovery of Microsoft related to this defense.[4]

Given that The Times will have a full and fair opportunity to conduct discovery related to Microsoft's express license defense consistent with the timing agreed upon by the parties in the Joint Case Schedule, The Times cannot show that it lacks fair notice and cannot otherwise meet its burden of showing that the defense should be stricken. However, should the Court find any portion of The Times's Motion to have merit, Microsoft requests that the Court grant Microsoft

---

[4] *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620 (S.D.N.Y. 2008), and *FSP, Inc. v. Societe Generale*, 2005 WL 475986, at *8 (S.D.N.Y. Feb. 28, 2005), also cited by The Times, are inapposite given that neither discusses the fair notice standard nor involve an *express license* affirmative defense.

leave to amend its pleading to add additional allegations regarding its express license defense.

## CONCLUSION

For the foregoing reasons, Microsoft requests that the Court deny The Times's Motion to Strike Microsoft's express license defense.

Dated:  July 16, 2025

Respectfully submitted,

*/s/ Jared B. Briant*
Jared B. Briant (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
           mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
           lnajemy@orrick.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Email: jeffrey.jacobson@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*