**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| IN RE: |
| |
| OPENAI, INC. |
| |
| COPYRIGHT INFRINGEMENT LITIGATION |
| |
| This Document Relates To: |
| |
| All Cases |

Case No. 1:25-md-3143-SHS-OTW

**DEFENDANT MICROSOFT CORPORATION'S**
**MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Paragraph 34 of the Stipulated Protective Order (ECF 367), Defendant

Microsoft Corporation ("Microsoft") respectfully moves to seal redactions to Microsoft's

Response to Plaintiffs' Joint Letter Brief Regarding Discovery Disputes ("Response") and Exhibits

A-C thereto.

Although "[t]he common law right of public access to judicial documents is firmly rooted

in our nation's history," this right is not absolute and courts "must balance competing

considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d

110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential

to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein*

*Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*,

828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted in

connection with discovery disputes . . . is generally somewhat lower than the presumption applied

to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*,

929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons

for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

Exhibits A-C to the Response, which have been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, are deposition testimony, an email, and privilege log entries that contain confidential information related to Microsoft's internal work. *See* Ex. A (Declaration of Lucky Vidmar). Microsoft requests that Exhibits A-C be sealed in their entirety. Similarly, the requested redactions describe or quote from the confidential exhibits or confidential exhibits submitted with Plaintiffs' Letter, and likewise contain highly confidential information about Microsoft's internal work and work with third parties. *See* Ex. A.

The information Microsoft seeks to seal is the type of information commonly found to warrant sealing. *See* ECF 931 (granting motion to seal similar information and documents in this case); *Authors Guild*, ECF 305 (same); *see also*; *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

For the reasons stated above, and those set forth in the Declaration of Lucky Vidmar, Microsoft requests that this Motion to seal be granted, and that all of the redactions to the Response Exhibits A-C to the Response be sealed in their entirety.

Dated: March 5, 2026                              Respectfully submitted,

                                                  */s/ Laura Najemy*
                                                  Jared B. Briant (admitted *pro hac vice*)
                                                  Kirstin L. Stoll-DeBell (admitted *pro hac vice*)

FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
        mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
        lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson

3

FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| IN RE: |
| OPENAI, INC. |
| COPYRIGHT INFRINGEMENT LITIGATION |
| This Document Relates To: |
| All Cases |

Case No. 1:25-md-3143-SHS-OTW

**DECLARATION OF LUCKY VIDMAR IN SUPPORT OF**
**MICROSOFT'S MOTION FOR LEAVE TO FILE UNDER SEAL**

I, Lucky Vidmar, hereby declare as follows:

1.      I have personal knowledge of the facts stated in this declaration and, if called upon as a witness, I would and could competently testify thereto.  I submit this declaration in support of Microsoft's Motion for Leave to File Under Seal filed in connection with Microsoft's Response to Plaintiffs' Joint Letter Brief Regarding Discovery Disputes ("Response")

2.      I am Associate General Counsel and I lead Microsoft's IP and AI litigation team. I have been at Microsoft since June 2020.  In this role, I am responsible for the overall conduct of discovery and factual investigation for this case.  I am also part of a team at Microsoft that provides legal guidance to the business on the development of our generative AI tools in connection with managing litigation and regulatory risk.

3.      Exhibits A-C to Microsoft's Response contain nonpublic, confidential information about Microsoft's internal work.  Specifically, the exhibits are deposition testimony, an email, and privilege log entries that contain information that is confidential and highly sensitive to Microsoft and Microsoft only shares the information revealed in these exhibits on a need-to-know basis whether internally or externally with proper non-disclosure protections in place. Similarly, the

2

portions of the Response that Microsoft seeks to redact quote or describe these documents or similarly highly confidential documents attached to Plaintiffs' Letter discussing Microsoft's work with third parties. Disclosure of such information to the public would be harmful to Microsoft because it reflects highly sensitive and confidential business strategy and decision-making that, if disclosed, could harm Microsoft's competitive advantage and its business relationships.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed of March 5, 2026, in Seattle, Washington.

_____
Lucky Vidmar

2