**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: OPENAI, INC.,<br>COPYRIGHT INFRINGEMENT LITIGATION<br><br><br>This Document Relates To:<br><br>*Ziff Davis, Inc. v. OpenAI, Inc. et al.,* No. 1:25-cv-04315 | 1:25-md-03143 (SHS) (OTW)<br><br>**OPENAI DEFENDANTS'**<br>**REPLY IN SUPPORT OF**<br>**MOTION FOR JUDGMENT ON**<br>**THE PLEADINGS**<br><br>ORAL ARGUMENT REQUESTED |

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................................1

II.     ARGUMENT .........................................................................................................................2

III.    CONCLUSION ......................................................................................................................5

i

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Aviles v. S&P Glob., Inc.*,
  No. 17-cv-2987-JPO, 2020 WL 1689405 (S.D.N.Y. Apr. 6, 2020) ...........................................2

*Cox Communications, Inc. v. Sony Music Entertainment*,
  146 S. Ct. 959 (2026)....................................................................................................1, 2, 3

*DF Ventures, LLC v. Aaron & Gianna PLC*,
  No. 22-cv-9586-LJL, 2024 WL 916343 (S.D.N.Y. Mar. 4, 2024) ...........................................4

*Faulkner v. Verizon Commc'ns, Inc.*,
  156 F. Supp. 2d 384 (S.D.N.Y. 2001)......................................................................................4

*Hikma Pharms. USA, Inc. v. Amarin Pharma, Inc.*,
  146 S. Ct. 1391 (2026).............................................................................................................3

*Podany v. Robertson Stephens, Inc.*,
  350 F. Supp. 2d 375 (S.D.N.Y. 2004).......................................................................................4

*Republic of Colombia v. Diageo N. Am., Inc.*,
  No. 04-cv-4372-NGG, 2011 WL 4828814 (E.D.N.Y. Sep. 30, 2011) ......................................4

*Rolle v. Educ. Bus Transp., Inc.*,
  No. 11-cv-3855-SJF-AKT, 2014 WL 1330568 (E.D.N.Y. Mar. 31, 2014)..............................4

*Seybold v. Groenik*,
  No. 06-cv-772-DLC, 2007 WL 737502 (S.D.N.Y. Mar. 12, 2007) ........................................4

### STATUTES

15 U.S.C. § 77z-1...........................................................................................................................4

15 U.S.C. § 78u-4 ..........................................................................................................................4

### RULES

Fed. R. Civ. P. 12(b)(6)..................................................................................................................2

Fed. R. Civ. P. 12(c) ......................................................................................................................2

Local Civ. R. 6.1(b) .......................................................................................................................1

## I.    INTRODUCTION

OpenAI moved for judgment on the pleadings on Ziff Davis's contributory copyright infringement claim because that claim fails as a matter of law following the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026).  In its response, Ziff Davis concedes that *Cox* "eliminat[ed] material contribution as a basis for contributory copyright liability" and agrees that this claim should be dismissed.  *MDL*, Dkt. 1608-1 ("Resp.") at 4.[1]  Confusingly, however, Ziff Davis seeks to dismiss part of that claim with prejudice and part of it without prejudice.  It tries to draw a distinction between the contributory copyright infringement claim based on OpenAI's models at issue in the MDL (the "MDL Claim"), and the claim based on OpenAI's models that are not at issue in the MDL and as to which this Court previously stayed discovery (the "Stayed Claim"), and to dismiss the former with prejudice and the latter without.  *See* Resp. 2.  There is no valid legal basis for treating these two sets of claims differently—regardless of the model at issue, Ziff Davis's claims fail as a matter of law at the pleading stage based on the standard announced in *Cox*.  Ziff Davis does not identify any facts that are specific to the Stayed Claim that it could allege that would change that result.  The Court should therefore grant OpenAI's motion for judgment on the pleadings as to the entirety of Ziff Davis's contributory copyright infringement claim and dismiss that claim with prejudice.

---

[1] Concurrently with its response to OpenAI's motion, Ziff Davis cross-moved for leave to file a second amended complaint.  OpenAI intends to file a response to that cross-motion separately.  *See* Local Civ. R. 6.1(b).

Separately, as OpenAI noted in its July 2 filing, the remaining News Plaintiffs have all agreed to dismiss their contributory copyright infringement claims with prejudice, mooting OpenAI's motion as to those plaintiffs' claims.  *See MDL*, Dkt. 1607 at 1 n.2.

## II.    ARGUMENT

As OpenAI's motion explained, Ziff Davis cannot state a claim for contributory copyright infringement under the standard announced in the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026). *See generally MDL*, Dkt. 1587 ("Mot.").[2]  Ziff Davis does not dispute that reading of *Cox*, and it does not oppose OpenAI's motion as to the MDL Claim. *See* Resp. 1-6.  All parties agree, then, that at a minimum the MDL Claim should be dismissed with prejudice.

At the same time, however, Ziff Davis seeks to preserve the future possibility of litigating the Stayed Claim, and requests that this claim be dismissed without prejudice. *See id.* at 1-2, 8-10.  Ziff Davis asserts that "there is no plausible justification for dismissal with prejudice as to the stayed models." *Id.* at 7.  Not so.  As to *all* models, Ziff Davis's claim depends on the now-abrogated material contribution theory of contributory copyright infringement. *See, e.g.*, ZD FAC ¶ 227 ("To the extent that end-users (both consumers and commercial clients) *of OpenAI's LLM-based products and services* may be found liable for direct infringement of [Ziff Davis's] copyrights, OpenAI has *knowingly and materially contributed* to this infringement." (emphasis added)); *id.* ¶ 228 (alleging OpenAI "materially contribut[ed] to infringing outputs by end-users"

---

[2] Ziff Davis asserts that the "proper procedural vehicle" for OpenAI's motion was one "for reconsideration" of the Court's order on OpenAI's previous motion to dismiss. Resp. 1 n.1. That is incorrect; a motion for judgment on the pleadings is the appropriate vehicle for addressing the sufficiency of Ziff Davis's allegations now that "the pleadings are closed." Fed. R. Civ. P. 12(c).

The case Ziff Davis cites supports that result.  As the court observed, "a litigant is 'permitted' to bring successive motions challenging the sufficiency of a claim, first under Rule 12(b)(6) and then under Rule 12(c)," so long as it does not do so "*on the same ground* as an already-denied Rule 12(b)(6) motion." *Aviles v. S&P Glob., Inc.*, No. 17-cv-2987-JPO, 2020 WL 1689405, at *3 (S.D.N.Y. Apr. 6, 2020) (emphasis added) (citation omitted).  The court refused to entertain the motion for judgment on the pleadings in that case because the litigant's motion "cite[d] no new law . . . that would require a different outcome." *Id.*  Thus, if the defendant had cited new law (as OpenAI did), the motion for judgment on the pleadings would have been permitted.

of "its LLMs" generally, without distinguishing any particular models); *see also* Mot. 3-5 (explaining that Ziff Davis's allegations depend on material contribution theory).  As Ziff Davis concedes, it cannot state a contributory copyright infringement claim under *Cox* based on that theory.  Resp. 4.  Ziff Davis's complaint draws no distinction between the MDL Claim and the Stayed Claims.  Since this is a motion for judgment *on the pleadings*, dismissal with prejudice is appropriate as to Ziff Davis's material contribution theory as to *all* models.

Indeed, Ziff Davis does not identify any facts that distinguish the Stayed Claim from the MDL Claim (because none exist).  It alludes to the possibility of "discovery as to Microsoft and OpenAI's other corporate and enterprise customers who may have committed direct infringement using the OpenAI models that are at issue in the stayed portion of the case." Resp. 9.  But the mere possibility that *direct infringement* may have occurred using those models does not establish that it is plausible that OpenAI *is contributorily liable* for that direct infringement.  Contributory copyright infringement liability requires both (1) a predicate act of direct infringement and (2) either inducement of direct infringement or tailoring of a service to direct infringement.  *See Cox*, 146 S. Ct. at 967.  Ziff Davis does not identify any allegations it could make that would support a claim either that OpenAI induced infringement using these models or that these models were tailored to infringement—the only viable theories of contributory infringement that remain after *Cox*.  *See* Mot. 9-10; *Cox*, 146 S. Ct. at 967-68.  That is because no such facts exist.  *See* Mot. 10-14.

OpenAI sought judgment on the pleadings on *all* of Ziff Davis's contributory copyright infringement claims precisely because no discovery can change the conclusion that this claim fails as a matter of law as to *all* models.  The fact discovery was stayed as to some models is irrelevant to the Court's ability to decide this case on the pleadings.  *See, e.g.*, *Hikma Pharms. USA Inc. v.*

*Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1399-1400 (2026) (finding that plaintiff failed to state inducement claim at the motion to dismiss stage based only on "apply[ing] the[] familiar pleading standards").[3]  OpenAI would plainly be prejudiced by the possible need to litigate a meritless contributory infringement claim related to these other models in the future.  And it would be a waste of judicial resources for this Court to address the same question twice.  *See, e.g.*, *Republic of Colombia v. Diageo N. Am., Inc.*, No. 04-cv-4372-NGG, 2011 WL 4828814, at *2 (E.D.N.Y. Sep. 30, 2011) (granting dismissal with prejudice when "a dismissal without prejudice could require Defendants to litigate issues that are nearly identical to those on which they have already prevailed").  If the Stayed Claim is dismissed without prejudice, if and when it is un-stayed OpenAI will almost certainly again move to dismiss, using the same arguments that it uses today.  The Court will have to needlessly consider and decide the issue a second time – even though between now and then, nothing will be meaningfully different.  The Court should therefore grant OpenAI's motion and dismiss Ziff Davis's contributory copyright infringement claim with prejudice as to *all* models.

---

[3] Courts routinely grant motions to dismiss based on the pleadings when a stay of discovery is in effect.  In securities litigation, for example, stays of discovery are mandatory in response to a motion to dismiss but do not affect the court's ability to grant such a motion with prejudice.  *Cf.* 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B); *see, e.g.*, *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 377-78 (S.D.N.Y. 2004) (after granting motion to dismiss, rejecting plaintiff's request to lift stay for discovery into facts that could potentially support a plausible claim because plaintiff failed to state a claim); *Faulkner v. Verizon Commc'ns, Inc.*, 156 F. Supp. 2d 384, 406 (S.D.N.Y. 2001) (granting motion to dismiss and denying motion to lift discovery stay).  The same is true in the context of discretionary stays.  *See, e.g.*, *DF Ventures, LLC v. Aaron & Gianna, PLC*, No. 22-cv-9586-LJL, 2024 WL 916343, at *5 n.6 & *16 (S.D.N.Y. Mar. 4, 2024) (granting in part motion to dismiss following order staying discovery); *Rolle v. Educ. Bus Transp., Inc.*, No. 11-cv-3855-SJF-AKT, 2014 WL 1330568, at *4 n.4 & *10 (E.D.N.Y. Mar. 31, 2014) (granting motion to dismiss with prejudice after staying discovery); *Seybold v. Groenink*, No. 06-cv-772-DLC, 2007 WL 737502, at *4 & *7 (S.D.N.Y. Mar. 12, 2007) (granting motion to dismiss after staying discovery).

## III.    CONCLUSION

The Court should grant OpenAI's motion for judgment on the pleadings and dismiss with prejudice the entirety of Ziff Davis's contributory copyright infringement claim (Count III), including as to models for which discovery is currently stayed.

Dated: July 13, 2026

Respectfully submitted,

*/s/ Sarang V. Damle*

**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
  *andrew.gass@lw.com*
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
  *sy.damle@lw.com*
Luke A. Budiardjo
  *luke.budiardjo@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

Elana Nightingale Dawson (*pro hac vice*)
  *elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

*/s/ Joseph C. Gratz**

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (*pro hac vice*)
  *jgratz@mofo.com*
Tiffany Cheung (*pro hac vice*)
  *tcheung@mofo.com*
Caitlin Sinclaire Blythe (*pro hac vice*)
  *cblythe@mofo.com*
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Lily Li (*pro hac vice*)
  *YLi@mofo.com*
755 Page Mill Road
Palo Alto, CA 94304
Telephone: 650.813.5600

*/s/ Nicholas S. Goldberg**

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
  *rvannest@keker.com*
R. James Slaughter (*pro hac vice*)
  *rslaughter@keker.com*
Paven Malhotra
  *pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
  *mybarra@keker.com*
Nicholas S. Goldberg (*pro hac vice*)
  *ngoldberg@keker.com*
633 Battery St.
San Francisco, CA 94111
Telephone: 415.391.5400

*Attorneys for OpenAI*

---

\* All parties whose electronic signatures are included herein have consented to the filing of this document.

## CERTIFICATE OF COMPLIANCE

In accordance with Local Civil Rule 7.1(c), I certify that the foregoing Reply is 1,513 words, exclusive of the caption page, table of contents, table of authorities, and signature block. The basis of my knowledge is the word-count feature of the word-processing system used to prepare this filing.


Dated: July 13, 2026                                          By: */s/ Sarang V. Damle*
                                                                    Sarang V. Damle