# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZIFF DAVIS, INC., ZIFF DAVIS, LLC, IGN ENTERTAINMENT, INC., and EVERYDAY HEALTH MEDIA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO, LLC, OPENAI GLOBAL, LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC, <br><br> Defendants. | Civ. Action No. 25-cv-04315-SHS-OTW |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, (the "Local Civil Rules"), Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., and Everyday Health Media, LLC ("Ziff Davis" or "Plaintiffs") request that OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC ("OpenAI" or "Defendants") produce the requested documents at the offices of Klaris Law PLLC, 161 Water Street, Suite 904, New York, NY, 10038, thirty days (30) after the date of service of this document, or at such other mutually agreeable time and place.

1

## I.     DEFINITIONS

The following definitions and instructions apply to the requests listed below:

1. All definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the Southern District of New York are incorporated by reference herein.

2. "Agreement(s)" means any contract, agreement, arrangement, or understanding, formal or informal, oral or written, between or among two or more persons.

3. "AI Model(s)" means a component of an information system and/or large language model ("LLM") that implements artificial intelligence ("AI") technology or uses computational, statistical, or machine-learning techniques to produce outputs from a given set of inputs.

4. "CMI" means Copyright Management Information as defined in 17 U.S.C. §1202.

5. "Generative AI Models(s)" means AI models that emulate the structure and characteristics of input data in order to generate derived synthetic content, such as images, videos, audio, text, and other digital content.

6. "Generative AI Product(s) and Service(s)" means any publicly available or commercial product or service offering that includes a Generative AI Model, including but not limited to ChatGPT branded products and services, OpenAI's soon-to-be announced search product, as well as APIs, and platforms otherwise providing access to a Generative AI Model.

7. "Including" means including but not limited to.

8. "News Plaintiffs' Requests for Production" means all Requests for Production previously served on OpenAI by the Plaintiffs in The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al., No. 1:24-cv-04872-SHS-OTW (S.D.N.Y.), Daily News, L.P. et al. v.

Microsoft Corporation et al., No. 1:24-cv-03285-SHS (S.D.N.Y.), and The New York Times Company v. Microsoft Corporation et al., No. 1:23-cv-11195 (S.D.N.Y.).

9. "OpenAI" means Defendants OpenAI Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI Opco, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings LLC, or, their subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents.

10. "OpenAI's Terms of Use and Business Terms" means OpenAI's publicly available Terms of Use at https://openai.com/policies/row-terms-of-use/, OpenAI's publicly available Services Agreement at https://openai.com/policies/services-agreement/ and any revisions thereto.

11. "Relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

12. "Robots Exclusion Protocol" means any rule created, adopted, implemented, and/or promulgated through a robots.txt file to instruct specified robots, including but not limited to OpenAI's robots, to ignore certain files or directories when crawling a site.

13. "Training Dataset(s)" means the data and content used to pre-train, train, fine-tune, or otherwise affect the performance of the Generative AI Models, including any data and content used for reinforcement learning from human feedback or reinforcement learning from AI feedback.

14. "Text Generation AI Model(s)" means Defendants' Generative AI Models, including generative pre-trained transformers or large language models, that provide text outputs in

response to inputs or prompts, including but not limited to GPT-1, GPT-2, GPT-3, ChatGPT/GPT-3.5, GPT-4, GPT-4o, GPT-4o-mini, o1 mini, o1, o1-pro, GPT-4.1, GPT-4.5, o3, o3-mini, o4-mini, and all other versions or other Generative AI Models included in Defendants' Generative AI Products and Services.

15. "Ziff Davis" means Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., and Everyday Health Media, LLC, their subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, including but not limited to the brands identified in Exhibit A to the Complaint, and their respective officers, directors, employees, consultants, representatives, and agents.

16. "Ziff Davis Content" means material authored, produced, published, distributed, publicly performed, or otherwise disseminated by Ziff Davis including in print, online, audio, or in any other format, whether on Ziff Davis-owned platforms or available through third-party sources. "Ziff Davis Content" includes all Ziff Davis interest-specific publications, sub-brands, and products, including but not limited to *IGN*, *Mashable*, *CNET*, *ZDNET*, *PCMag*, *Lifehacker*, *BabyCenter*, *Everyday Health*, and each brand listed in Exhibit A to the Complaint.

17. "Ziff Davis Registered Marks" means Ziff Davis's federally registered trademarks for its brands and variations thereof.

18. "Ziff Davis Site" means any website or platform owned or operated by Ziff Davis, including but not limited to each website for Ziff Davis interest-specific publications, sub-brands, and products, including but not limited to *IGN*, *Mashable*, *CNET*, *ZDNET*, *PCMag*, *Lifehacker*, *BabyCenter*, *Everyday Health*, and each brand listed in Exhibit A to the Complaint.

## II.     INSTRUCTIONS

1. Produce all responsive documents prepared, sent, or received, in whole or in part, during the time period applicable to the request. You should identify in some reasonable manner the person from whose files each document you produce was found.

2. You are to produce all documents, as defined above, that are in the possession, custody or control of you, or in the possession, custody or control of any attorney or agent for you. Without limiting the terms, "possession, custody, or control" of an item means that you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical possession of the item.

3. You are under a duty to supplement your responses to these discovery requests pursuant to FRCP 26. If after you produce any of the discovery requested below you discover or receive additional documents or information responsive to the requests, you should promptly produce such additional documents or information to the full extent required by the rules.

4. Pursuant to FRCP 26, you are to provide a privilege log for any documents you have withheld on the basis of privilege(s). Request for such a log is hereby made, effective as of the response date of these requests. If you assert a claim of privilege with respect to any document request, or portion thereof, you should produce a log, accounting for each document withheld individually, and providing the nature of the privilege being claimed; the type of document, date, author, addressees or recipients, and general subject matter of the document, and such other information as is sufficient to identify the document. If a claim of privilege applies to only a portion of a document, the document should be produced, and the portion claimed to be privileged obscured and stamped "redacted."

5. The documents requested below should be produced in the manner that they are kept in the usual course of business. Documents should be produced with the label or labels from any file folder, binder, file drawer, file box, notebook, computer disk, or other container in which the document was found. Documents on computers or computer disks, including but not limited to electronic mail and corresponding attachments, should be produced in both native format and single-page TIFF format with optical character recognition ("OCR"). Even if only part of a document is responsive to a request, you should still produce the entire document including all attachments.

6. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

7. All documents which cannot be legibly copied should be produced in their original form.

8. If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information: (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

9. If no Documents responsive to a particular request exist, state that no responsive Documents exist.

10. Unless otherwise stated, the time period for these Requests is January 1, 2022 to the present.

## III.  DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION #1**

All communications with Ziff Davis concerning the actual or potential use of Ziff Davis Content by OpenAI.

**REQUEST FOR PRODUCTION #2**

All internal documents and communications concerning or referring to Ziff Davis, including but not limited to all internal documents and communications constituting, concerning, or referring to any discussion, consideration of, or decision regarding whether or how Ziff Davis Content is, was, could be, or should be accessed and/or used by OpenAI.

**REQUEST FOR PRODUCTION #3**

All documents and communications concerning any Robots Exclusion Protocol file, instruction, or directive on any Ziff Davis Site, including but not limited to all documents and communications concerning OpenAI's compliance with, non-compliance with, circumvention of, or avoidance of, such file, instruction or directive.

**REQUEST FOR PRODUCTION #4**

All documents and communications concerning any technological access or copying controls, including but not limited to any anti-scraping measures, on any Ziff Davis Site, including but not limited to all documents and communications concerning OpenAI's compliance with, non-compliance with, or circumvention of such technological anti-scraping controls.

**REQUEST FOR PRODUCTION #5**

All documents and communications concerning OpenAI's decision to publish technical instructions for website operators to "opt out" of access by GPTBot, including but not limited to

7

all documents and communications concerning OpenAI's intention to comply, or to not comply, with any such "opt out" instructions.

**REQUEST FOR PRODUCTION #6**

All documents and communications concerning or relating to OpenAI's use of, or treatment of, Robots Exclusion Protocols, including but not limited to all documents and communications concerning, referring to, supporting, or evidencing OpenAI's statement that it "take[s] these signals into account each time we train a new model" as alleged in Paragraph 121 of the Complaint.

**REQUEST FOR PRODUCTION #7**

All documents and communications concerning or relating to OpenAI's plans to launch, and subsequent failure to launch, its Media Manager tool, as alleged in Paragraph 121 of the Complaint.

**REQUEST FOR PRODUCTION #8**

All communications and documents concerning or relating to any consideration or discussion of the possibility of entering into any license agreement with Ziff Davis or otherwise obtaining Ziff Davis's authorization for OpenAI to use Ziff Davis content.

**REQUEST FOR PRODUCTION #9**

All communications and documents concerning any instance in which any OpenAI Generative AI Product or Service generated output that attributed non-Ziff Davis Content to Ziff Davis.

**REQUEST FOR PRODUCTION #10**

All communications and documents concerning any instance in which any OpenAI Generative AI Product or Service generated output that attributed Ziff Davis Content to any other entity or person.

**REQUEST FOR PRODUCTION #11**

All communications and documents concerning any instance in which any OpenAI Generative AI Product or Service generated output that inaccurately, incorrectly, misleadingly, and/or incompletely described or summarized any Ziff Davis Content.

**REQUEST FOR PRODUCTION #12**

All cease-and-desist letters and formal communications that OpenAI received from or on behalf of media outlets, publishers, newspapers, or not-for-profits, alleging copyright or trademark infringement, and all responses to such communications.

**REQUEST FOR PRODUCTION #13**

Documents and communications concerning the inclusion of language in OpenAI's Terms of Use and Business Terms relating to the assignment of rights in any output generated by its LLM products and services to users, as alleged in Paragraph 163 of the Complaint.

**REQUEST FOR PRODUCTION #14**

Documents and communications sufficient to show any actual or contemplated assignment of rights in any output generated by OpenAI's Generative AI Products and Services to its commercial and individual users.

**REQUEST FOR PRODUCTION #15**

Documents and communications sufficient to show the process or processes by which OpenAI removes or alters CMI from third-party works, including Ziff Davis Content, before

those works are copied into OpenAI's Training Dataset(s), including but not limited to the process by which OpenAI uses Dragnet and Newspaper to remove or alter copyright notices, footers, author and title information, and other text that constitutes CMI.

**REQUEST FOR PRODUCTION #16**

All documents and communications concerning the reasons for, or benefits to OpenAI of, the removal or alteration of CMI from third-party works, including Ziff Davis Content.

**REQUEST FOR PRODUCTION #17**

Documents and communications sufficient to show (i) the process(es) by which OpenAI inserts "supervised samples" of data into its Training Datasets as alleged in Paragraph 181 of the Complaint; and (ii) the basis for OpenAI's internal decision(s) to insert "supervised samples" into those Training Datasets, including in the context of Ziff Davis Content.

**REQUEST FOR PRODUCTION #18**

All documents and communications concerning or referring to the use of the Ziff Davis Registered Marks by OpenAI.

**REQUEST FOR PRODUCTION #19**

Documents and communications concerning or referring to OpenAI's refinement of its own assets to correct misleading attributions of Ziff Davis Content by its Generative AI Products and Services, including hallucinated facts or false citations, including but not limited to all documents and communications discussing or referring to the need to correct misleading attributions of Ziff Davis Content.

**REQUEST FOR PRODUCTION #20**

Documents and communications sufficient to show OpenAI's revenues from active users of ChatGPT and OpenAI's other Generative AI Products and Services, including paid subscribers, from January 1, 2022 to the present.

**REQUEST FOR PRODUCTION #21**

Documents and communications sufficient to show the process or processes by which output generated by ChatGPT and OpenAI's other Generative AI Products and Services is made available to users for copying, conversion to audio ("reading aloud"), sharing, archiving, and/or editing in OpenAI's Canvas workspace, as alleged in Paragraph 162 of the Complaint.

**REQUEST FOR PRODUCTION #22**

To the extent not previously produced in response to the News Plaintiffs' Requests for Production, all documents and communications that would be responsive to the News Plaintiffs' Requests if (a) the Definition of "Text Generation AI Model(s)" and the Instruction as to time period in these Requests for Production were applied to the News Plaintiffs' requests and (b) the terms "Ziff Davis," "Ziff Davis Content," or "Ziff Davis datasets" were substituted as appropriate where the News Plaintiffs' Requests use terms such as "News Plaintiffs," "the Publishers," "Publishers' Content," "Publishers' Datasets," "Asserted Works," "the Times," "Times Content," or "the New York Times Datasets."

| | |
|---|---|
| Dated: June 27, 2025 | /s/ Lance H. Koonce, III |

                                  Lacy H. ("Lance") Koonce, III
                                  Matthew A. Leish
                                  Gili Karev
                                  Mariella Salazar
                                  Clara Cassan
                                  KLARIS LAW PLLC
                                  161 Water Street
                                  New York, NY 10038
                                  Telephone: (646) 779-4882
                                  lance.koonce@klarislaw.com
                                  matthew.leish@klarislaw.com
                                  gili.karev@klarislaw.com
                                  mariella.salazar@klarislaw.com
                                  clara.cassan@klarislaw.com

                                  Guy Ruttenberg
                                  Ruttenberg IP Law, A Professional Corporation
                                  1801 Century Park East
                                  Suite 1920
                                  Los Angeles, CA 90067
                                  Telephone: (310) 627-2270
                                  ZD-AICopyright@ruttenbergiplaw.com

                                  ***Attorneys for Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., and Everyday Health Media, LLC***

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Klaris Law PLLC, whose address is 161 Water Street New York, NY 10038. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on March 12, 2025, I served a copy of:

**ZIFF DAVIS'S FIRST SET OF REQUESTS FOR PRODUCTION TO OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐ **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at New York, New York, this 27th day of June, 2025.

Lacy H. ("Lance") Koonce, III                                   /s/ Lance H. Koonce, III
           (Type)                                                              (Signature)

# SERVICE LIST

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
jgratz@mofo.com
Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Abennett@mofo.com
RoseLee@mofo.com

***Attorneys for Defendants
OpenAI, Inc., OpenAI LP,
OpenAI GP, LLC,
OpenAI, LLC, OpenAI OpCo LLC,
OpenAI Global LLC, OAI Corporation,
LLC, And OpenAI Holdings, LLC***

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
andrew.gass@lw.com
joe.wetzel@lw.com

Allison Levine Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
alli.stillman@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
sy.damle@lw.com

***Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP,
LLC, OpenAI, LLC, OpenAI OpCo LLC,
OpenAI Global LLC, OAI Corporation***